THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 
 

v.

 
 
 
 Teresa Utsey Crosby, Karrey Byrd and John Doe, Defendants,of whom Teresa Utsey Crosby is Appellant. 
 In the interest of: Tayizah Utsey (DOB: 7/16/02)
 A Minor Under the Age of 18.
 
 
 

Appeal From Greenville County
 R. Kinard Johnson, Jr., Family Court Judge

Unpublished Opinion No. 2005-UP-349
Submitted May 1, 2005  Filed May 23, 2005

AFFIRMED

 
 
 
 William S. Brown and Peter G. Siachos, both of Greenville, for Appellant.
 Rebecca Rush Wray, of Greenville, for Respondent.
 
 
 

 PER CURIAM:  Teresa Utsey Crosby appeals from the family courts decision to terminate her parental rights to Tayizah Utsey on the grounds that she neglected the child and it is not reasonably likely the home could be made safe in twelve months.  We affirm. 
 FACTS
 

The South Carolina Department of Social Services (DSS) first became involved with Crosby in 1994, when DSS initiated a removal action against her.  The action concerned seven minor children in Crosbys custody.  Three of the seven children were subsequently placed in the custody of their grandmother, and the remaining four remained in DSS custody.  Crosby failed to remedy the conditions that required removal and a court terminated her parental rights as to the four children in DSS custody.
This child was born July 16, 2002, and lived with 
Crosby until her incarceration in December 2003.  Crosby left the child in the custody of two of her grown children, Charles and Takita.  On January 9, 2004, Takita brought the child to the hospital because the child suffered a severe respiratory infection.  Takita was arrested on the same day.  At the hospital, DSS learned of Crosbys incarceration.  Because no family members were located to take custody of the child, DSS placed him into protective custody.
DSS brought a removal action and sought to terminate Crosbys parental rights.  The complaint alleged a pattern of neglect on the part of Crosby and asserted the situation requiring removal was not reasonably likely to be remedied within twelve months.  
At trial, the foster mother testified that the child was underweight when DSS placed him in her custody.  In addition, he could not chew or swallow solid foods, despite having a full set of teeth.  Also, the childs immunizations were not up to date.  Finally, she testified: He did not make any motions, no talking, no babbling . . . he was basically a shell of a child when we received him which caused us great concern.  
A DSS caseworker recounted the history of Crosbys involvement with DSS.  She stated Crosby never successfully completed a treatment plan.  The caseworker testified:  This child has a great many medical problems and hes in the best care where he needs to be at this point in time.  Ultimately, she testified that given the condition of the child when he entered the custody of DSS, it was neglect for Crosby to leave the child with her other children. 
Crosby testified her children were willing to and capable of taking care of the child.  Crosbys children, however, were not present at the trial to demonstrate their willingness to accept custody.
The trial court found [t]he medical condition of the minor child when he entered foster care, coupled with the fact that the minor child had no one to take care of him or ensure his needs were being met at the time he was taken into emergency protective custody, constitutes neglect by Teresa Crosby.  The court further found that Crosbys history with DSS, along with the findings of physical neglect of the child, constituted a repetition of neglect that made it unlikely the home could be made safe within twelve months.  The court terminated her parental rights pursuant to section 20-7-1572(1) of the South Carolina Code (Supp. 2004). 
LAW/ANALYSIS
Crosby contends the trial court erred in terminating her parental rights under section 20-7-1572(1) because there was no evidence she neglected the child by leaving him in the custody of her grown children.  We disagree.
Section 20-7-1572 states:

 The family court may order the termination of parental rights upon a finding of one or more of the following grounds and a finding that termination is in the best interest of the child: 
 1) The child or another child in the home has been harmed as defined in Section 20-7-490, and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months.  In determining the likelihood that the home can be made safe, the parents previous abuse or neglect of the child or another child in the home may be considered. 

S.C. Code Ann. § 20-7-1572(1) (Supp. 2004).  Section 20-7-490 states in pertinent part as follows: 

 (2) Child abuse or neglect, or harm occurs when the parent, guardian, or other person responsible for the childs welfare:
 (a)    inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . .; 
           . . . . 
 (c) fails to supply the child with adequate food, clothing, shelter, or education as required under Article 1 of Chapter 65 of Title 59, supervision appropriate to the childs age and development, or health care though financially able to do so or offered financial or other reasonable means to do so and the failure to do so has caused or presents a substantial risk of causing physical or mental injury. . . ;
 (d) abandons the child;
            . . . .
 (f) has committed abuse or neglect as described in subsections (a) through (e) such that a child who subsequently becomes part of the persons household is at substantial risk of one of those forms of abuse or neglect.

Id.
As found by the trial court, Crosby has a long history of neglect.  The prior action, coupled with the poor medical and developmental condition of the child in this action, support the courts finding that Crosby neglected the child.  The repetition of neglect likely would not be remedied within twelve months, as Crosby remains incarcerated and no person has indicated a willingness to accept custody of the child.  Accordingly, there is ample evidence in the record to support the trial courts finding that Crosbys parental rights should be terminated under section 20-7-1572(1).
AFFIRMED.[1]
GOOLSBY, HUFF, and KITTREDGE, JJ., concur.

[1]We decide this case without oral argument pursuant to Rule 215, SCACR.